**FILED & ENTERED**

MAY 21 2025

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

STONE DELUXE, INC.,
dba STONE DELUXE TILE,

Debtor.

Case No. 8:25-bk-11348-SC
Chapter 11

**ORDER:**

**(1)** **SETTING CONFERENCE ON STATUS OF SUBCHAPTER V CASE;**

**(2)** **REQUIRING DEBTOR TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF SUBCHAPTER V CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7 OR (B) DISMISSAL OF CASE;**

**(3)** **REQUIRING SUBCHAPTER V TRUSTEE TO APPEAR AT STATUS CONFERENCE;**

**(4)** **ESTABLISHING PROCEDURE FOR MOTION FOR ORDER CONFIRMING SUBCHAPTER V PLAN; AND,**

**(5)** **SETTING DATE FOR 11 U.S.C. § 1111(b) ELECTION**

**<u>Subchapter V Status Conference</u>**
Date:  July 16, 2025
Time:  1:30 p.m.
Place: 5C

1

On May 20, 2025, Stone Deluxe, Inc., dba Stone Deluxe Tile ("Debtor" or "Debtor-in-Possession") designated its voluntary bankruptcy case as a case under Subchapter V of chapter 11 (the "Subchapter V Case"). Pursuant to 11 U.S.C. § 1183, a Subchapter V trustee was or shall be appointed. Pursuant to 11 U.S.C. § 1188 and to expedite the disposition of the Subchapter V Case, the Court makes the following order:

## I. DEBTOR'S STATUS REPORT: CONTENTS, FILING, SERVICE

No later than 14 days prior to the below scheduled Status Conference, the Debtor must file a report on the status of this Subchapter V Case (the "Status Report") which includes a proof of service demonstrating that the Debtor served the Status Report on the United States trustee, the Subchapter V trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims, and a judge's copy. The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

A. Estimate for Filing Plan and Motion to Confirm Plan. Provide an estimate of when the Debtor will file (1) a plan of reorganization ("Plan") within the time frame of 11 U.S.C. §§ 1189, and (2) a motion for order confirming chapter 11 plan ("Confirmation Motion");

B. Objections to Claims. State whether a deadline should be set for hearings on objections to claims and, if so, what that deadline should be;

C. Debtor's Duties. Disclose whether the Debtor has performed all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187; and reasons for non-compliance, if any;

D. Pre-Confirmation Payments. Disclose whether the Debtor has transmitted preconfirmation payments and funds to the Subchapter V trustee as is allowed under 11 U.S.C. §§ 1194;

///
///

E. Litigation and Post-Petition Operations.  Describe concisely the post-petition operations of the Debtor (including authority to use cash collateral), litigation in which the Debtor is involved, and the status of the Debtor's efforts to reorganize; and

F. Professionals and Fee Budget.  Disclose whether the Debtor has hired, or shall hire, any professionals and, if so, whether the professional's employment has been approved by the Court.

## II.    TRUSTEE'S APPEARANCE

Pursuant to 11 U.S.C. § 1183(b), the Subchapter V trustee must appear at the Status Conference and report on the status of this Subchapter V Case.

## III.    STATUS CONFERENCE

A status conference ("Status Conference") will be held on July 16, 2025 at 1:30 p.m. in Courtroom 5C – Virtual (Accessibility information will be posted into the Court's tentative ruling prior to the hearing), located at 411 West Fourth Street, Santa Ana, CA 92701.

Pursuant to FRBP Interim Rule 3017.2, during the Status Conference, the Court may: (1) set a deadline for hearings to be held on objections to claims; (2) set a deadline for entry of an order approving the Confirmation Motion; and (3) set a hearing on an order to show cause why this Subchapter V Case should not be converted to a case under chapter 7 or dismissed if these deadlines are not met by the Debtor.  If the Debtor does not timely file and serve a Status Report and appear at the Status Conference, then at the Status Conference, the Court may order: (1) the conversion of the Subchapter V Case to one under chapter 7, or (2) the dismissal of the Subchapter V Case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b).

## IV.    PLAN CONFIRMATION PROCEDURE

A. Notice of Dates and Deadlines.  Notice of (a) the hearing on the Confirmation Motion, (b) the deadline for filing and serving objections to the Confirmation Motion, and (c) the deadline for voting on the plan, must be filed and served in accordance with F.R.B.P. 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

B. **Confirmation Motion.** The Confirmation Motion must be served upon the U.S. trustee, the Subchapter V trustee, any party that has timely filed and served a preliminary objection to confirmation by the ballot deadline, and any party that has voted against the Plan. A judge's copy must also be served as provided for in Local Bankruptcy Rule 5005-2(d) and the Court Manual. The Confirmation Motion must meet at least the following criteria:

>(1) **Evidence.** The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1191; evidence must admissible under the Federal Rules of Evidence and in compliance with LBR 9013-1(c)(3) and 9013-1(i).
>
>(2) **Service.** At least 21 days before the confirmation hearing, the Confirmation Motion must be served on the United States trustee, on the Subchapter V trustee, and on all creditors and equity security holders who have filed and served on the Debtor a preliminary objection to confirmation and/or voted to reject the Plan; and
>
>(3) **Notice of Hearing.** The Debtor must serve a notice of the confirmation hearing that contains, among other information, notice that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

**V.    11 U.S.C. § 1111(b) Election**

The deadline for any secured creditor to elect treatment under 11 U.S.C. § 1111(b) shall be the last date to file objections to the proposed Plan.

///

///

IT IS FINALLY ORDERED that failure by the Debtor to comply with any provision of this order may be deemed consent to dismissal of this case or conversion to a case under chapter 7.

###

Date: May 21, 2025

Scott C. Clarkson
United States Bankruptcy Judge